Leslie B. v. Winnacunnet Sch. Dist.   CV-94-530-SD 05/14/97

### UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF NEW HAMPSHIRE


Leslie B., by her parents,
 John C. and Nancy M.I.

   v.                                    Civil No. 94-530-SD

Winnacunnet Cooperative School District


### O R D E R

In this civil action, plaintiff Leslie B., by and through her parents, has filed an appeal pursuant to 20 U.S.C. § 1415(e)(2) of the Individuals with Disabilities Education Act (IDEA) challenging a hearing officer's approval of an individualized education program (IEP) proposed by defendant Winnacunnet Cooperative School District.

Presently before the court is defendant's motion for summary judgment, to which plaintiff objects.  Also before the court is defendant's motion to strike a psychiatric report attached to plaintiff's objection, to which plaintiff objects.

Ordinarily, a motion for summary judgment filed in the context of a judicial review proceeding "is simply the procedural vehicle for asking the judge to decide the case on the basis of the administrative record." Hunger v. Leininger, 15 F.3d 664, 669 (7th Cir. 1994) (citing Sabine River Auth. v. United States

Dep't of Interior, 951 F.2d 669, 678-79 (5th Cir. 1992)).  A judge may thereby decide the issue of "law"--the validity of the administrative decision--by relying on the administrative record, and need not hold an actual trial.  However, under the IDEA, the district court is empowered to "hear additional evidence at the request of a party."  20 U.S.C. § 1415(e)(2).  Although even under the IDEA, "the source of the evidence generally will be the administrative hearing record," Town of Burlington v. Department of Educ., 736 F.2d 773, 790 (1st Cir. 1984), some supplementation of that record is permitted.  The reasons for supplementation may include the unavailability of a witness at the administrative hearing, an improper exclusion of evidence by the administrative agency, or the need to entertain evidence concerning relevant events that occurred subsequent to the hearing.  Id.

In this case, neither party has moved to present supplemental witness testimony.  However, plaintiff has hinted at same by attaching to her objection an unnotarized "Psychiatric Report" written by Maria C. Gaticales, M.D., who appears to not have testified at the administrative hearing.  Defendant has moved to strike said report, inter alia, because it is not in affidavit form.  The court grants defendant's motion to strike.

The court finds it cannot rule on defendant's motion for summary judgment until it learns whether either party wishes to

2

supplement the administrative record with further testimony or other evidence.  Accordingly, the court will give both parties until 4:30 p.m. on Monday, June 2, 1997, to file motions to supplement the record.  The parties may supplement the record by moving for the court to hear witness testimony; they may also seek to submit evidence in affidavit form.  In either case, the parties must also submit evidence, in affidavit form or other, to support the need for supplementation in accordance with the reasons described in Burlington, supra, 736 F.2d at 790.  If no motion for additional witness testimony is received by June 2, the court will assume the parties agree that this matter can be decided based on the record of the administrative proceedings.

## Conclusion

The court grants defendant's motion to strike (document 44).  The parties have until 4:30 p.m. on Monday, June 2, 1997, to file motions to supplement the record.  If no motion is received by said date, the court will treat defendant's motion for summary judgment as a motion for the court to forego trial and review the

administrative proceedings based solely on the record as it presently stands.

     **SO ORDERED.**


                              _____
                              Shane Devine, Senior Judge
                              United States District Court

May 14, 1997

cc:    Leslie B., pro se
       Barbara F. Loughman, Esq.